UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTYN PATRICK COURSON,
FDOC Inmate No. J43079,
    Plaintiff,

vs.                                                   Case No.: 3:21cv372/LAC/EMT

MARK INCH,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida inmate proceeding pro se, initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 (*see* ECF No. 1). Plaintiff subsequently filed an amended complaint (ECF No. 4) and, more recently, a second amended complaint (ECF No. 7).[1] Upon review of the pleadings, it is evident that venue is improper in this district and that the case should be transferred to the United States District Court for the Middle District of Florida.

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Plaintiff has been an inmate of the Florida Department of Corrections since the time he filed his initial complaint in this case and currently is confined at the Santa Rosa Correctional Institution in Milton, Florida (*see* ECF Nos. 1, 4, 7).

Case No.: 3:21cv372/LAC/EMT

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such transfers may be made *sua sponte* by the district court. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district).

Here, Plaintiff alleges cruel and unusual punishment during his confinement at Columbia Correctional Institution, which is located in Lake City, Columbia County, Florida, and which falls within the United States District Court for the Middle District of Florida (ECF No. 7 at 5–12). Although Plaintiff names as the Defendant Mark Inch—Secretary of the Florida Department of Corrections, whose office is located in Tallahassee, Florida, in the Northern District of Florida—the acts or occurrences forming the basis of the Complaint occurred in the Middle District,

and the witnesses thereto, such as correctional officers and others mentioned in the complaint, are located in the Middle District.

In analyzing the issue of proper venue in the context of motions to dismiss under the federal doctrine of forum non conveniens, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994);[2] *accord Cowan v. Ford Motor Co.*, 713 F.2d 100, 103 (5th Cir. 1983).[3] While forum non conveniens would not apply in a case such as this where

---

[2] In *American Dredging*, the Court explained:

> *Gilbert* held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981). As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad.

*American Dredging*, 510 U.S. at 449 n.2.

[3] In *Cowan*, the Fifth Circuit explained the proper applicability of the doctrine of forum non conveniens in light of the enactment of section 1404(a):

> Section 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible. As the Supreme

there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in *Gilbert*, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

> The factors set forth in *Gilbert* are as follows:
>
> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive . . . . Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation . . . .

*Gilbert*, 330 U.S. at 508–09.

Because the acts or occurrences forming the basis of the Complaint occurred in Columbia County, which is located in the Middle District, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, this district

---

Court pointed out in *Norwood v. Kirkpatrick*, "the harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer." 349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955).

*Cowan*, 713 F.2d at 103 (additional citations omitted).

Case No.: 3:21cv372/LAC/EMT

appears to have no relation to the litigation at issue, other than the fact that the FDOC and its Secretary are headquartered in the Northern District.  It thus appears that neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district

Accordingly, this civil action should be transferred to the Middle District of Florida, where the events or omissions of which Plaintiff complains occurred.  *See* 28 U.S.C. § 1406(a); *see also Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) ("A district court may sua sponte transfer a civil action to any other district where it might have been brought if doing so will be convenient to the parties and witnesses and serve the interest of justice.").

Accordingly, it is respectfully **RECOMMENDED**:

That the clerk be directed to transfer this action to the United States District Court for the Middle District of Florida for all further proceedings and close the case.

At Pensacola, Florida, this 21st day of July 2021.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:21cv372/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**